ANNA GERDOM *et al.* v. FRANK DUREIN.

No. 14,734.    (87 Pac. 1137.)

SYLLABUS BY THE COURT.

1. CASE-MADE—*Extension of Time to Make and Serve.* Under the provisions of section 3 of chapter 320, Laws of 1905, time to make and serve a case-made may be extended beyond ten days after entry of judgment by an order to that effect in the journal entry of judgment, and, when so done, no other or further action is necessary prior to the expiration of the time so given.

2. PARTITION — *Decree and Order of Sale — Res Judicata.* Where in a suit for partition a decree has been entered which fully determines the respective interests of the parties in the lands sought to be divided, and in pursuance of proper proceedings thereunder the court orders a sale of the property, such decree and proceedings are binding upon the parties, and neither can thereafter abandon the same and maintain another suit in partition to accomplish the same purpose.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed December 8, 1906. Reversed.

*Quinton & Quinton,* for plaintiffs in error.

*C. A. Magaw,* and *Hazen & Gaw,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The first question presented in this case is a motion to dismiss the petition in error for the rea-

son that the case-made was not settled and signed within the time prescribed by section 3 of chapter 320, Laws of 1905, which reads:

"The case-made or a copy thereof shall within ten days after the judgment or orders entered be served upon all opposite or adverse parties, by delivery thereof to such parties or their attorney or by delivery thereof to the clerk of the court in which such judgment or order is made or entered; . . . provided further, that the party . . . applying for said order of extension shall, immediately upon . . . securing and filing an order of extension, give notice in writing to the opposite or adverse parties of such . . . extension by serving a copy of such notice personally on such opposite or adverse parties or their attorneys or any of their attorneys of record, or by mailing a copy of such notice, enclosed in an envelope directed to the last known address of such opposite or adverse parties or their attorneys of record, postage prepaid, and such parties shall thereupon take notice of such . . . extension. Proof of the service of the notices herein required may be made before the court or judge signing the case-made, as herein provided, by affidavit that such notice has been served or mailed as herein provided for."

The close of the journal entry of judgment in this case reads:

"Thereupon the defendants filed their motion for a new trial, which motion was presented to the court and after due consideration by the court was overruled, and the defendants excepted to the ruling thereon. Thereupon said defendants were allowed ninety days in which to make and serve their case-made for the supreme court herein."

The case-made was settled and signed August 28, 1905. No application was made for an extension of time beyond ten days after the judgment was entered, and no notice was served upon the adverse parties or their attorneys that such an application would be made. The only compliance with the requirements of the statute is found in the journal entry of judg-

45—74 KAN.

ment. We think this sufficient. The order of the court, made as a part of the journal entry of judgment, when all parties were in court and had notice thereof, was a substantial compliance with the terms of the statute, and nothing further was necessary to be done until the expiration of the time so given. It is useless to notify a party of that which he already knows. The object of this statute was to prevent parties from prolonging the preparation of a case-made by extensions obtained from time to time without the knowledge of the adverse party. The practice followed in this case fully accomplishes this purpose; therefore, the motion to dismiss is denied. This requires a consideration of the case upon its merits.

This is a suit in partition. The plaintiffs in error in the district court interposed the plea of former adjudication, which was overruled, and that ruling is claimed to be erroneous. The question will be understood by a consideration of the following facts: In 1892 the defendant in error commenced a suit for partition of the land in controversy, in the district court of Shawnee county, against the plaintiffs in error. In that suit a decree of partition was entered as prayed for; commissioners were appointed to make a division of the property, who reported that such division could not be made without manifest injury to the rights of the parties, and thereupon returned an appraisement of the land. The court, on May 18, 1892, ordered the land to be sold according to law, and the proceeds paid into court, to await its further order. There the proceedings rested. No further steps were taken to enforce the decree. On the 6th day of March, 1903, the defendant in error, instead of proceeding under the decree already obtained, began this suit for partition. His petition was filed in the same court, was between the same parties, was concerning the same land, and contained substantially the same allegations as the petition in the former case. The plea of former adjudi-

cation was overruled, another trial had, and a decree entered substantially the same as before.

We think the decree and proceedings in the first suit are binding upon both parties, and that neither can maintain a new suit, identically the same in all respects, for the accomplishment of the same purpose. Persons may not be annoyed and harassed by repeated lawsuits for the purpose of determining questions which have already been judicially determined in court.

. The distinction drawn by counsel between pleas in bar and for the abatement of the suit does not seem to be important in this case. The object of the answer of the plaintiffs in error was merely to defeat the new suit for partition, and was not intended to affect the first suit, and we do not think it should have any effect beyond the abatement of the suit in which it was filed.

The judgment of the district court is reversed, with instructions to carry out the view here expressed.

All the Justices concurring.